CITY OF TORRINGTON ET AL. *v.* ALBERT L. COLES, ATTORNEY GENERAL [HAROLD M. MULVEY, ATTORNEY GENERAL, SUBSTITUTED DEFENDANT], ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued May 5—decided May 31, 1967

*Joseph J. Gallicchio,* for the appellant (named plaintiff).

*John K. Jepson,* assistant attorney general, with whom, on the brief, were *Harold M. Mulvey,* attorney general, and *Raymond J. Cannon,* assistant attorney general, for the appellee (named defendant).

*Thurston Greene,* for the appellees (defendant Silano et al.).

KING, C. J.   "Coe Memorial Park" consists of about five acres of land within the limits of the city of Torrington.  Except for a small parcel purchased by the city, it is entirely composed of land given or devised to the city for park purposes.  Although no reverter clause was inserted in any of the conveyances, each provided in effect that the property conveyed was to be forever held and maintained by

the city of Torrington for park purposes. The city accepted the property and has maintained it in its entirety as a public park. The city admits that, although it has title to the entire park property, the land is held, not for the sole use of the inhabitants of the municipality, but for the use of the general public, and that the city, in maintaining and operating the park, is merely acting as the agent of the state in the exercise of a delegated governmental authority. *Conners* v. *New Haven,* 101 Conn. 191, 194, 125 A. 375.

The redevelopment agency of Torrington wishes to construct a highway through the park, taking the requisite land by eminent domain.[1] The defendant park commission of the city, which is the agency to which the maintenance and operation of the park is committed, opposes the taking.

Whether the land requisite for the proposed highway can be taken depends on the legislative authority given. Authority to take by condemnation will be construed in favor of the condemnee and against the condemnor. *State* v. *McCook,* 109 Conn. 621, 630, 147 A. 126.

The redevelopment agency of the city of Torrington is admittedly an arm of the municipality, and any authority it has to take property must be found in a legislative grant. Since Coe Memorial Park is held for a public use, it can be taken by the redevelopment agency only if such a taking is authorized by the legislature, either expressly or by necessary implication. *Hiland* v. *Ives,* 154 Conn. 683, 690, 228 A.2d 502.

---

[1] The general background and evolution of Torrington's redevelopment project is summarized in *Graham* v. *Houlihan,* 147 Conn. 321, 324, 160 A.2d 745, cert. denied, 364 U.S. 833, 81 S. Ct. 70, 5 L. Ed. 2d 57.

Quite properly the city concedes in its brief that its general authority to condemn land for streets and highways, given it in its charter (19 Spec. Laws 470, No. 374 § 28 [1923] [as amended by 20 Spec. Laws 281, No. 253 § 4 (1927); 21 Spec. Laws 7, No. 4 § 3 (1931)]; 19 Spec. Laws 473, No. 374 § 38 [1923]), is inadequate to authorize it to take property, such as a park, which is already devoted to a public use. *Hiland* v. *Ives,* supra; *Canzonetti* v. *New Britain,* 147 Conn. 478, 481, 162 A.2d 695.

The city bases its claim of authority to take the park land for a highway on the provisions of what is now § 8-135 of the General Statutes (Rev. to 1966), interpreted in conjunction with the general power of eminent domain given to a redevelopment agency by § 8-128 of the General Statutes (Rev. to 1966).[2] Section 8-135 reads, in pertinent part, as follows: "For the purpose of carrying out or administering a redevelopment plan or other functions authorized under this chapter, a municipality, acting by and through its redevelopment agency, may accept grants, advances, loans or other financial assistance from the federal government, the state or other source, and may do any and all things necessary or desirable to secure such financial aid. To assist any redevelopment project located in the area in which it is authorized to act, any public body, including the state, or any city, town, borough, authority, district, subdivision or agency of the state, may, upon such terms as it determines, furnish service or facilities, provide property, lend or con-

[2] The general power of eminent domain granted to a redevelopment agency under what is now § 8-128 of the General Statutes (Rev. to 1966) has been considered in cases such as *Waesche* v. *Redevelopment Agency,* 155 Conn. 44, 45, 229 A.2d 352, *Bahr Corporation* v. *O'Brion,* 146 Conn. 237, 247, 149 A.2d 691, and *Gohld Realty Co.* v. *Hartford,* 141 Conn. 135, 140, 104 A.2d 365.

tribute funds, and take any other action of a character which it is authorized to perform for other purposes . . . ."

It is obvious that the quoted portion of the statute contains nothing which either directly or by necessary implication authorizes the city or its redevelopment agency to take any part of Coe Memorial Park and devote it to an inconsistent use. This is true even without regard to the further fact that no part of the park is within the defined limits of Torrington's redevelopment area. See *Sheehan* v. *Altschuler,* 148 Conn. 517, 524, 172 A.2d 897.

Since the legislature did not, either expressly or by necessary implication, give the city or its redevelopment agency any power to take any part of the park and devote it to an inconsistent public use, it follows that the city is without power so to do. *Hiland* v. *Ives,* supra; *Canzonetti* v. *New Britain,* supra.

It is unnecessary to consider any of the other claims of the parties.

There is no error.

In this opinion the other judges concurred.