CYRIL TELLIER *v.* ALEXANDER ZARNOWSKI ET AL.

KING, C. J., ALCORN, HOUSE, COTTER and THIM, Js.

Argued December 6, 1968—decided January 8, 1969

*Thomas D. Clifford,* for the appellant (plaintiff).

*James W. Marshall,* assistant corporation counsel, with whom, on the brief, was *John W. Kline,* corporation counsel, for the appellees (named defendant et al.) ; with him also, on the brief, was *William J. Cousins,* for the appellee (defendant Albert Andreoli).

ALCORN, J. The plaintiff, alleging that he is a resident and taxpayer of the city of West Haven, brought this action for a declaratory judgment and for incidental injunctive relief. The defendants are the mayor, the members of the West Haven city council, the treasurer of the city, and Albert and Charles Andreoli, whose positions in the government or operations of the city are the subject of the declaratory judgment which is sought.

The substance of the plaintiff's claim is that Albert Andreoli was elected to the city council for a term beginning on January 1, 1966, and ending on January 1, 1968, and, during that term, was, in violation of the city charter, illegally appointed, by the mayor, chief mechanic of the town garage at an annual wage of $7392.52 and that thereafter Charles Andreoli was illegally elected to the council to fill a supposed vacancy therein created by the resignation of Albert Andreoli from the council when, in fact, no vacancy existed because the resignation was not submitted, pursuant to § 7-103 of the General

Statutes, until after the purported election of Charles Andreoli.

As a result of these claimed illegal acts, the plaintiff alleged that he had suffered and would suffer irreparable damage and that he had no adequate remedy at law. This allegation was denied by all defendants. The declaratory judgment and the incidental relief sought by the plaintiff are stated in the footnote.[1]

The case was submitted to the trial court on a stipulation of facts without the presentation of any evidence. The court rendered a declaratory judgment in response to question 2 propounded by the plaintiff, declaring that the term of Albert Andreoli as a member of the council ended when he accepted the position of chief mechanic at the town garage.

---

[1] "The plaintiff prays for:

"1. A declaratory judgment determining whether or not the defendant Albert Andreoli may, during the term of office for which he was elected, be appointed to an office or position of profit under the government of the City of West Haven.

"2. A declaratory judgment determining the effective date of the resignation of the defendant Albert Andreoli from the City Council of the City of West Haven.

"3. That the appointment of the defendant Albert Andreoli to an office or position of profit be declared null and void.

"4. That the action of the City Council in appointing the defendant Charles Andreoli to said Council be declared null and void.

"5. That all funds paid to the defendant Albert Andreoli by the City of West Haven, from his office or position of profit be returned to the Treasurer of the City of West Haven.

"6. That a temporary injunction be granted restraining and enjoining the defendant Cox from issuing any disbursements to the defendant Albert Andreoli.

"7. A temporary injunction be granted restraining the defendant Charles Andreoli from participating in any action of the City Council of the City of West Haven.

"8. A permanent injunction be granted as to the same effect as in paragraphs 6 & 7 of the prayers for relief.

"9. Such other further relief as to equity may pertain."

All other claims for relief were denied. The plaintiff has appealed from that judgment. .

On the record before us we are confronted with the decisive question of the jurisdiction of the trial court to entertain the action. The question does not appear to have been raised in, or considered by, the trial court, but, since it is jurisdictional, it must be met now. *Lewis* v. *Rosen,* 149 Conn. 734, 735, 181 A.2d 592; *McGee* v. *Dunnigan,* 138 Conn. 263, 268, 83 A.2d 491; *Felletter* v. *Thompson,* 133 Conn. 277, 280, 50 A.2d 81.

A declaratory judgment will not be rendered on complaint of any person "unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations." Practice Book § 309 (a). The denial by the defendants of the allegation in the complaint that, because of the alleged wrongful and illegal acts of the defendants, the plaintiff "has suffered and will continue to suffer irreparable damage and has no adequate remedy at law" cast upon the plaintiff the burden of proving that allegation. That burden was not met.

An examination of the stipulated facts discloses that, as to the plaintiff, there is no justiciable issue. The basic fact recited is that the plaintiff "is a resident, elector, and taxpayer of the City of West Haven, and as such has an interest in all expenditures made by said City, and the funds acquired by it from taxation." The remaining facts fail to show that the acts complained of endanger his "rights or other jural relations." We have previously alluded to the danger of allowing taxpayers' suits for declaratory judgments without limitation, pointing out that an action by a taxpayer does not lie merely to secure advice on the law. *McGee* v. *Dunnigan,* supra. The

stipulated facts do not disclose whether any wages have been earned by or paid to Albert Andreoli as chief mechanic at the town garage, and there are no stipulated facts disclosing the source from which any wage payment to him would be made. There is no indication that the position of chief mechanic at the town garage was newly created for the benefit of Albert Andreoli or that the wage payment incident to it created any financial obligation on the city which had not already been legally provided for and which could be met without additional burden to any taxpayer. Nor does it appear that the relinquishment by Albert Andreoli of his council post for the mechanic's job affected the plaintiff in any way or caused him any injury, irreparable or otherwise. Consequently, the plaintiff has failed to show that the allegedly illegal appointment of Albert Andreoli would result, directly or indirectly, in an increase in his taxes or otherwise cause him irreparable injury. *Bassett* v. *Desmond,* 140 Conn. 426, 430, 101 A.2d 294.

A like situation exists with respect to the claimed illegal election of Charles Andreoli to the council. Members of the council serve without pay. Nowhere in the stipulated facts is there any indication of any way in which that election would injure or, indeed, affect the plaintiff. On the contrary, it affirmatively appears that Charles Andreoli was elected to serve the balance of Albert Andreoli's term, and we were told during the oral argument that, since a new term began on January 1, 1968, this phase of the case has become moot.

It is therefore clear beyond dispute that the plaintiff failed to establish a standing entitling him to the relief sought either by declaratory judgment or by injunction. *Coyle* v. *Housing Authority,* 151

Conn. 421, 424, 198 A.2d 709. The trial court should have dismissed the case for lack of jurisdiction. *Coyle* v. *Housing Authority,* supra; *McGee* v. *Dunnigan,* supra, 269.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the action for lack of jurisdiction.

In this opinion the other judges concurred.