Augustus J. Simmons *v.* State of Connecticut

House, Cotter, Thim, Ryan and Shapiro, Js.

Argued February 4—decided March 17, 1971

*Thomas P. Byrne,* for the appellant (plaintiff).

*John K. Jepson,* assistant attorney general, with whom, on the brief, was *Robert K. Killian,* attorney general, for the appellee (state).

THIM, J. This case arose from the efforts of the aeronautics commission to condemn land belonging to the plaintiff, Augustus J. Simmons, Charles A. Simmons, and the estate of Anastasia Simmons. The land is located in East Granby, and was condemned pursuant to § 48-12 of the General Statutes as amended by Public Acts 1967, No. 808 § 1, and General Statutes §§ 8-128—8-133. The proceeding to condemn the land was docketed as *State* v. *Simmons,* Superior Court, Hartford County, Condemnation No. 487. This appeal concerns only the interest of the named plaintiff in the land. In order to achieve a full understanding of what transpired in the trial court, we have examined the files in Docket No. 487 and *Simmons* v. *Parizek,* Superior Court, Hartford County, No. 156899, an equitable action pending in the Superior Court in Hartford County, in addition to the file in this case, No. 156270.

On or about January 9, 1968, the state, acting by and through the aeronautics commission, filed with the clerk of the Superior Court a statement of compensation concerning the property. Docket No. 487. The statement recited that the premises were in-

cluded in a master plan for Bradley International Airport; that the plan had been prepared and approved by the aeronautics commission pursuant to the requirements of chapter 266 of the General Statutes; that the town of East Granby had approved the request of the state to acquire the premises by eminent domain; that the state had determined the amount of compensation to be paid to the owners to be $15,000; and that, simultaneously with the statement of compensation, the commission filed its deposit and bond as provided in General Statutes § 8-130. A portion, $8000, of the deposit was the compensation to be paid to the plaintiff for his interest in the land.

On January 16, 1968, the plaintiff in Docket No. 487 filed a plea to abate the condemnation proceeding[1] on the ground that the commission was proceeding pursuant to § 48-12 of the General Statutes as amended by Public Acts 1967, No. 808 § 1, whereas the proceeding to take his land for the expansion or improvement of the airport should have been instituted pursuant to General Statutes § 15-79. The commission demurred to the plea in abatement, and on June 5, 1968, the court, *Radin, J.*, sustained the demurrer. Before the trial court had ruled on the demurrer to the plea in abatement, the commission, on January 22, 1968, obtained a certificate of taking for the land from the clerk of the Superior Court and filed it in the East Granby town clerk's office, in accordance with § 8-129 of the General Statutes. On May 7, 1968, the plaintiff filed this

[1] The practice of filing a plea in abatement and, subsequently, a demurrer to the plea, was improper, since the docketing of the statement of compensation did not originate a civil action. The procedural steps taken by the parties were improper and are mentioned only to relate part of the history of the proceedings, and not to express our approval of them.

appeal in the Superior Court from the assessment of damages and the award of compensation.

Following the ruling of the trial court on the demurrer of the commission to the plea in abatement, the plaintiff, on July 15, 1968, commenced an action in the Superior Court in Hartford County seeking to restrain the aeronautics commission from condemning his land. *Simmons* v. *Parizek,* Superior Court, Hartford County, No. 156899. In the first count of his complaint the plaintiff alleged that the decision of the commission that there is a necessity for the taking of his land is unreasonable, that the decision was made in bad faith and that it was an abuse of the power conferred on it. In the second count he alleged that the action of the commission was unlawful because the commission, in condemning his land, did not comply with the provisions of the applicable statute governing the condemnation action. General Statutes (Rev. to 1966) § 15-79. The plaintiff, in his prayers for relief, sought: (1) a temporary and permanent injunction restraining the commission from taking his property under §§ 8-128—8-133, rather than pursuant to § 15-79; and (2) a judgment declaring the taking order, which was filed in the land records, to be null and void. The commission filed a demurrer to both counts, but it was overruled, on each count, by the court, *Rubinow, J.* Thereafter, the commission filed its answer. The case is still pending in the Superior Court.

On or about October 18, 1968, in this appeal from the condemnation award, the defendant filed a motion to appoint a state referee for the purpose of reviewing the statement of compensation pursuant to § 8-132 of the General Statutes, to the extent that § 8-132 was applicable to the matter. The plaintiff

objected to the motion of the defendant, claiming that the court should not proceed to appoint a state referee to make a review under § 8-132 before the court had determined whether the proceeding instituted by the commission and the state, to take the land of the plaintiff for expansion or improvement of Bradley International Airport, was legal and proper. The plaintiff sought relief concerning the legality and propriety of the taking before the condemnation case was referred to a referee. The objection was overruled, the court having concluded that it was required to appoint a referee pursuant to the motion made under § 8-132. The court then ordered that the matter be referred to the Honorable Raymond E. Baldwin, a state referee, and that he make a reassessment of damages and render judgment thereon. The plaintiff has appealed from that order, claiming that the trial court erred in referring the matter to the referee under the provisions of § 8-132. He further assigned as error the overruling of his claim that it was necessary to determine the legality and propriety of the application of § 8-132 before applying that statute. On argument before us, counsel for the plaintiff stated that the trial court has refused to assign his equitable action for trial until this court has decided the pending appeal.

The basic issue before us is whether the plaintiff should have had an opportunity to contest the reasonableness and necessity for the taking prior to, and in the same action as, the assessment of damages on that taking. It is clear that under § 48-12, prior to the 1967 amendment, and as referred to by § 15-79, necessity and like questions were open to review. *State* v. *Fahey*, 146 Conn. 55, 58, 147 A.2d 476. Thus, the determinative issue before us is

whether the amendment to § 48-12, by Public Acts 1967, No. 808 § 1, served to change the procedure under § 15-79. If it did, then the procedure pursued was proper, as the only issue was the amount of compensation as provided for in § 8-132. If, however, the amendment to § 48-12 does not apply to proceedings under § 15-79, then the condemnation proceeding and the appeal therefrom would have been improper and the trial court in each proceeding would have been without authority to exercise jurisdiction. We find this issue to be determinative of the appeal before us.

On the day the commission filed the statement of compensation in the condemnation proceeding, and on the day of the issuance of the taking certificate for the property of the plaintiff by the clerk of the Superior Court, the pertinent provisions of § 15-79 provided that the state might take land for the "establishment or for the expansion or improvement of an airport when, in the opinion of the commission, public convenience or safety requires, . . . upon paying just compensation to the owner of such land . . . . In case the state . . . cannot agree with such owner upon the amount of such compensation, the same shall be determined in the manner prescribed in section 48-12 for the taking of land for state institutions". Section 48-12 prescribed the procedure which § 15-79 required to be followed in the event that the state could not agree with the owner on the amount of compensation. One of its provisions required the state to file a petition in the Superior Court. In that petition the state was required to allege that the aeronautics commission had determined, pursuant to § 15-79, that it was necessary to take the property of the condemnee. *State* v. *Fahey,* 147 Conn. 13, 16, 17, 156 A.2d 463.

The procedure specified in § 48-12 was modified by Public Acts 1967, No. 808 § 1, effective October 1, 1967. Public Acts 1967, No. 808 § 1, repealed § 48-12 and substituted in lieu thereof the following: "The procedure for condemning land or other property for any of the purposes specified in §§ 48-3, 48-4, 48-6, 48-8, and 48-9, if those desiring to take such property cannot agree with the owner upon the amount to be paid for any property thus taken shall be as follows: The comptroller in the name of the state, any town, municipal corporation, or school district, or the trustees or directors of any state institution in the name of the state, shall proceed in the same manner specified for redevelopment agencies in accordance with sections 8-128, 8-129, 8-129a, 8-130, 8-131, 8-132, 8-132a, and 8-133." This new statute was in effect at the time the commission instituted the proceedings to take the plaintiff's property.

The answer to the question whether the modification of § 48-12 is operative so far as § 15-79 is concerned, is found in an established principle of statutory construction which has been thus summarized: "As a general rule, the specification, modification or repeal of a statutory provision adopted by another statute through incorporation by reference is inoperative so far as the adopting statute is concerned, in the absence of expressed or implied legislative intent to the contrary. Where a particular statute is incorporated into another statute by specific or descriptive words, the presumption is that the legislature did not intend that modification or repeal of the adopted statute should affect the adopting statute." Note, 168 A.L.R. 627, 636; see *Weigel* v. *Planning & Zoning Commission,* 160 Conn. 239, 248, 278 A.2d 766; *Legat* v. *Adorno,*

138 Conn. 134, 150, 83 A.2d 185. "[T]he reason given is that . . . the adoption of a statute by specific reference is an adoption of the law as it existed at the time the adopting statute was passed, and the adopting statute is therefore not affected by any subsequent modification or repeal of the statute adopted. Thus, the Supreme Court of the United States as early as 1838 stated: 'And such adoption has always been considered as referring to the law existing at the time of adoption; and no subsequent legislation has ever been supposed to affect it. And such must necessarily be the effect and operation of such adoption. No other rule would furnish any certainty as to what was the law; and would be adopting prospectively, all changes that might be made in the law.' *Kendall* v. *United States,* 12 Pet. (37 U.S.) 524, 625, 9 L. Ed. 1181. To the same effect are: *United States ex rel. Kessler* v. *Mercur Corporation,* 83 F.2d 178, 180 [2d Cir.]; *Commonwealth* v. *Kendall,* 144 Mass. 357, 11 N.E. 425; *Collins* v. *Blake,* 79 Me. 218, 9 A. 358; *Shull* v. *Barton,* 58 Neb. 741, 79 N.W. 732; *Kloss* v. *Suburban Cook County Sanitarium,* 404 Ill. 87, 94, 88 N. E. 2d 89; *Palermo* v. *Stockton Theatres, Inc.,* 32 Cal. 2d 53, 58, 195 P.2d 1; 50 Am. Jur. 58, [Statutes,] § 39; 59 C.J. 937, [Statutes,] § 548." *Legat* v. *Adorno,* 138 Conn. 134, 150, 151, 83 A.2d 185.

The rule is subject to the qualification that "the presumption that the legislature did not intend that modification or repeal of the adopted statute should affect the adopting statute does not prevail where either an expressed or implied intention to the contrary clearly appears. Among cases so holding are *Ramish* v. *Hartwell,* 126 Cal. 443, 446, 58 P. 920; *Vallejo & N. R. Co.* v. *Reed Orchard Co.,* 177 Cal. 249, 254, 170 P. 426; and *Haas* v. *Commissioners of*

*Lincoln Park,* 339 Ill. 491, 500, 171 N. E. 526. See note, 168 A. L. R. 630. Such intention may appear as incident to the passage of the adopting statute. *Vallejo & N. R. Co.* v. *Reed Orchard Co.,* supra; *Ramish* v. *Hartwell,* supra; *Haas* v. *Commissioners of Lincoln Park,* supra. Or it may appear in the enactment of the statute modifying or repealing the adopted statute. *State ex rel. Washington-Oregon Investment Co.* v. *Dobson,* 169 Ore. 546, 551, 130 P. 2d 939; *Martin* v. *Stumbo,* 282 Ky. 793, 797, 140 S. W. 2d 405; *O'Flynn* v. *Village of East Rochester,* 292 N. Y. 156, 161, 54 N. E. 2d 343." *Legat* v. *Adorno,* supra, 151–52.

The authority to condemn is to be strictly construed in favor of the owner and against the condemnor, and the prescribed method of taking must be strictly pursued. *Torrington* v. *Coles,* 155 Conn. 199, 201, 230 A.2d 550; *West Hartford* v. *Talcott,* 138 Conn. 82, 90, 82 A.2d 351. Here, neither § 15-79 nor Public Acts 1967, No. 808 § 1, demonstrates an express intention that the modification was to apply to § 15-79. In fact, Public Acts 1967, No. 808 § 1, which lists several applicable sections of the General Statutes, does not even mention § 15-79. Neither do we believe that an implied intent clearly appears which would indicate that the modification of § 48-12, the adopted statute, should affect § 15-79, the adopting statute.

Prior to the enactment of Public Acts 1967, No. 808 § 1, § 15-79 provided: "In case the state . . . cannot agree with such owner upon the amount of such compensation, the same shall be determined in the manner prescribed in section 48-12 for the taking of land for state institutions". At that time, as we have noted, § 48-12 provided for a petition in the Superior Court for the determination of such

compensation. Section 48-12 further provided that the state would not become the owner of the property until payment was made, although under another statute, § 48-16, the state might get possession pending condemnation where it appeared that "the public interest will be prejudiced by delay". The clear intent of § 48-12 was that the owner was to retain both title and possession of his land until the amount of compensation had been determined. See *Trumbull* v. *Ehrsam,* 148 Conn. 47, 51, 166 A.2d 844. The enactment of Public Acts 1967, No. 808 § 1, changed this procedure. The distinctive characteristic of the change is that the state takes title to the land following the filing of the statement of compensation and the depositing of money equal to that compensation in the office of the clerk of the Superior Court. Sections 8-128—8-133 deal entirely with the taking of land by redevelopment agencies. No reference whatsoever is made in these sections to the taking of land for the expansion or improvement of an airport. Before § 48-12 was modified, the plaintiff would have been afforded an opportunity to contest the taking of his land by filing a proper pleading to the condemnation petition. See *State* v. *Simmons,* 153 Conn. 351, 353, 216 A.2d 632; *State* v. *Fahey,* 146 Conn. 55, 58, 147 A.2d 476; s.c., 147 Conn. 13, 17, 156 A.2d 463; *Bridgeport Hydraulic Co.* v. *Rempsen,* 124 Conn. 437, 441, 200 A. 348. Subsequent to the modification of § 48-12, title to the property and the right to possession vested in the agency immediately upon the filing of a statement of compensation with the clerk of the Superior Court and the town clerk. *Stocker* v. *Waterbury,* 154 Conn. 446, 451, 226 A.2d 514. Section 8-129 fails to provide the property owner with an opportunity to contest the taking

of his property. *Stocker* v. *Waterbury*, supra. Thus, being without an adequate remedy at law, the property owner is required to seek equitable relief to obtain a review of the taking agency's actions. *Stocker* v. *Waterbury*, supra.

Certainly, no implied intent appears in connection with the adoption of Public Acts 1967, No. 808 § 1. Its purpose was to modify the procedure for condemning land for the purposes specified in five statutes.[2] There can be no implication that upon the adoption of Public Acts 1967, No. 808 § 1, the plaintiff was to be deprived of a statutory right to contest the necessity of the taking of his property for the improvement or expansion of Bradley International Airport. We further note that an amendment to § 15-79 was also passed in the 1967 session. See Public Acts 1967, No. 694. This amendment, which also referred to § 48-12, was passed before the amendment to § 48-12. The intent, therefore, to apply § 48-12 as it then existed is obvious, for the legislature could not know whether or not Public Acts 1967, No. 808 § 1, would pass. Further, the provisions of § 15-79 were before the legislature during that session. Certainly then, it would have included a reference to that section in the amendment to § 48-12 if it had so intended.

We thus conclude that the enactment of Public Acts 1967, No. 808 § 1, did not modify § 15-79. Section 48-12, as before the amendment, remained in effect as the appropriate procedure for the taking of the plaintiff's property. See *Romanov* v. *Dental Commission*, 142 Conn. 44, 52, 111 A.2d 9; *Legat* v. *Adorno*, 138 Conn. 134, 150, 83 A.2d 185.

Since the commission could not properly proceed

---

[2] General Statutes §§ 48-3, 48-4, 48-6, 48-8, 48-9.

under Public Acts 1967, No. 808 § 1, in taking the plaintiff's property, the certificate of taking, which was issued by the clerk of the Superior Court pursuant to General Statutes § 8-129, is null and void, and the plaintiff could not have taken this appeal pursuant to that procedure. Further, since no action under the §§ 8-129 and 8-132 procedures, as required by Public Acts 1967, No. 808 § 1, was appropriate, the trial court had no jurisdiction to hear the plaintiff's appeal. Lack of jurisdiction may be noticed at any time, whether or not it is raised by the parties. *Tellier* v. *Zarnowski,* 157 Conn. 370, 373, 254 A.2d 568. It cannot be waived by the silence of the parties. *Gannon* v. *Sanders,* 157 Conn. 1, 6, 244 A.2d 397. In this case, as the matter was not properly before the trial court, it should have been dismissed. It is, therefore, apparent that the matter should not have been referred to a referee.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal for lack of jurisdiction.

In this opinion the other judges concurred.