[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 29, 1992, after the clerk's office informed the Bethel Public Utilities (plaintiff) that its original CT Page 10197 statement of compensation, filed on November 14, 1991, pursuant to General Statutes, Sec. 7-247, was not in compliance with statutory procedures, the plaintiff, in the name of the Town of Bethel, filed an amended statement of compensation. The plaintiff filed the original statement of compensation after the Public Utilities Commission duly voted to acquire the defendant's property because "convenience and necessity of the condemnor requires the same for use as a location for a sewage pumping station in connection with the construction of a sewer transmission line on Route 6 within said Town of Bethel." On March 10, 1992, the clerk's office issued a certificate of taking, which was recorded by the plaintiff on March 11, 1992, at volume 517, page 147 of the Bethel land records, and filed with the clerk's office on April 2, 1992.
On June 11, 1992, the defendant filed an answer with a counterclaim and special defense, and a motion to enjoin. In the answer, the defendant responded to each paragraph of the plaintiff's statement of compensation. In the counterclaim, the defendant alleges that the "taking was not validly done in accord with applicable Connecticut statutes" and that "the plaintiff or its duly authorized agents have entered upon property of the defendant, Bethel Stony Hill Associates, beyond that described in the purported taking for which they have no legal authority." As a result, the defendant seeks reimbursement for all costs and expenses, an injunction enjoining the plaintiff from entering the defendant's property, and money damages for trespass. In its special defense, the defendant alleges that the plaintiff failed to comply with General Statutes, Secs. 1-247, 8-129, and 1-21. In addition, the defendant "denies that any of its property is necessary for the plaintiff's proposed project." In the motion to enjoin, the defendant seeks to temporarily enjoin the plaintiff from entering the defendant's property "until the questions concerning the validity of the taking, which is in question, are resolved."
On July 8, 1991, the defendant filed a motion to strike the defendant's motion to enjoin, answer, counterclaim, and special defense, and a memorandum of law, asserting that the defendant must challenge the validity of the plaintiff's taking pursuant to General Statutes, Sec. 8-129 in a separate action, and not in the taking action. In addition, the plaintiff contends that the motion to enjoin fails to comply CT Page 10198 with General Statutes, Sec. 52-471 because the defendant failed to attach an affidavit under oath. On July 13, 1992, the defendant filed an affidavit under oath, and on July 20, 1992, the defendant filed an opposition to the motion to strike accompanied by a memorandum of law, asserting that "[t]here is no statutory bar which prohibits defendant from contesting the validity of the taking in the same action as that of the condemnation proceeding at bar."
"The motion to strike, Practice Book, 1978, Sec. 151, replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Citations omitted.) Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980). In the present case, the plaintiff brought a motion to strike on the ground that the defendant cannot contest a section 7-248 condemnation in the same action as the condemnation, but must institute a separate action. Section 7-248 provides:
 Whenever the water pollution control authority is unable to agree with the owner of any property as to the compensation to be paid for the taking of such property, the water pollution control authority in the name of the municipality may, in the same manner specified for redevelopment agencies in accordance with sections 8-129 to 8-133, inclusive, determine such compensation and proceed in the acquisition and use of such property as provided therein.
(Emphasis added.) To condemn property pursuant to section8-129, the Water Pollution Control Authority "shall determine the compensation to be paid to the persons entitled thereto for such real property and shall file a statement of compensation. . . ." (Emphasis added.) General Statutes, Sec. 8-129. "`[T]he docketing of the statement of compensation in the clerk's office of the Superior Court . . . [does] not originate a civil action.'" (Citation omitted.) Karp v. Urban Redevelopment Commission, 162 Conn. 525,527, 294 A.2d 633 (1972). In addition, section 8-129
fails to provide the property owner with an opportunity to contest the taking. Stocker v. Waterbury, 154 Conn. 446,451, 226 A.2d 514 (1967).
CT Page 10199 "`The right of appeal exists only under statute. . . and parties have no vested right thereto . . . . It is not essential to the constitutionality of a statute which authorizes an administrative board to make orders . . . that it contain a provision for an appeal, in the technical sense, from the board's action. If any person claims to be harmed by such an order, his constitutional right to due process is protected by his privilege to apply to a court.'"
(Citation omitted.) Bahr Corporation v. O'Brion, 146 Conn. 237,246-47, 149 A.2d 691 (1959). "Because the provisions of Sec. 8-129 failed to provide the property owner with an opportunity to contest the taking, the plaintiff, being without an adequate remedy at law, was entitled to equitable relief to obtain a review of the agency's taking of its property." Stocker v. Waterbury, supra, 451.
Nevertheless, in Simmons v. State, 160 Conn. 492, 496,280 A.2d 351 (1971), the court recognized a landowner's right to "contest the reasonableness and necessity for the taking prior to, and in the same action as," a section 15-79 condemnation. (Emphasis added.) Section 15-79, which was repealed in 1969 by Public Act 768, Sec. 263, provided:
 In case the state . . . cannot agree with such owner upon the amount of such compensation, the same shall be determined in the manner prescribed in section 48-12 for the taking of land for state institutions.
Simmons v. State, supra, 497. General Statutes, Sec. 48-12, as amended by Public Acts 1967, No. 808, Sec. 1, directed the state to "proceed in the same manner specified for redevelopment agencies in accordance with sections 8-128,8-129, 8-129a, 8-130, 8-131, 8-132, 8-132a and 8-133." As a result, the aeronautics commission instituted a condemnation proceeding by filing a statement of compensation pursuant to General Statutes, Sec. 8-129, Id., 501.
In response to the condemnation proceeding, the landowner "filed a plea to abate the condemnation proceeding on the ground that the commission was proceeding pursuant to section 48-12 of the General Statutes as amended by Public CT Page 10200 Acts 1967, No. 808, Sec. 1, whereas the proceeding to take his land for the expansion or improvement of the airport should have been instituted pursuant to General Statutes, Sec. 15-79." Id. The court, in a footnote, recognized that
 [t]he practice of filing a plea in abatement and, subsequently, a demurrer to the plea, was improper, since the docketing of the statement of compensation did not originate a civil action. The procedural steps taken by the parties were improper and are mentioned only to relate part of the history of the proceedings, and not to express our approval of them.
(Emphasis added.) Id., 494 n. 1. However, although the court recognized that the filing of a statement of compensation does not originate a civil action, the court noted that "[b]efore section 48-12 was modified, the plaintiff would have been afforded an opportunity to contest the taking of his land by filing a proper pleading to the condemnation petition." (Citations omitted.) Simmons v. State, supra, 501. "It is clear that under Sec. 48-12, prior to the 1967 amendment, and as referred to by Sec. 15-79, necessity and like questions were open to review." (Citation omitted.) Simmons v. State, supra, 496. Prior to the 1967 amendment, section 48-12 provided that "[t]he comptroller in the name of the state . . . may prefer a petition to the superior court . . . praying that such compensation be determined . . . which petition shall be accompanied by a summons signed by competent authority, to be served as process in civil actions before said court. . . ." (Emphasis added.)
 "`As a general rule, the specification, modification or repeal of a statutory provision adopted by another statute through incorporation by reference is inoperative so far as the adopting statute is concerned, in the absence of expressed or implied legislative intent to the contrary. Where a particular statute is incorporated into another statute by specific or descriptive words, the presumption is that the legislature did not intend that modification or repeal of the adopted statute should affect the adopting statute.' [Citation omitted.] `[T]he reason given is that . . . the adoption of a statute by specific reference CT Page 10201 is an adoption of the law as it existed at the time the adopting statute was passed, and the adopting statute is therefore not affected by any subsequent modification or repeal of the statute adopted."
(Emphasis added.) (Citations omitted.) Simmons v. State, supra, 498-99. As a result, the court held that "[s]ection48-12, as before the amendment, remained in effect as the appropriate procedure for the taking of plaintiff's property." Simmons v. State, supra, 502.
In the present case, the plaintiff instituted the condemnation proceeding pursuant to section 7-248, which, similar to section 48-12, originally provided that the "sewer authority in the name of the municipality may petition the court . . . Such petition shall be accompanied by a summons, signed by a competent authority, to be served as process in civil actions. . . ." (Emphasis added.) As with section48-12, section 7-248 was amended to include the procedure in sections 8-129 to 8-133, inclusive. However, section 7-248, the condemnation statute in the present case, was amended to incorporate the procedure in section 8-129, whereas section 15-79, the condemnation statute in Simmons v. State, incorporated section 48-12, which was amended to include the procedure in section 8-129. Consequently, the general rule set forth above is inapplicable to section 7-248, as amended by Public Act 77-419. Accordingly, a defendant must contest a section 7-248 condemnation by instituting a separate action. Therefore, the plaintiff's motion to strike the defendant's answer, counterclaim and special defense is granted.
It should be noted that the court cannot strike the motion to enjoin because a motion to strike challenges the legal sufficiency of those pleadings enumerated in Practice Book, Sec. 152, which does not include a motion to enjoin. However, as indicated above, the filing of a statement of compensation does not originate a civil action; therefore, since the defendant must initiate a separate cause of action to challenge the condemnation proceeding, the defendant improperly filed the motion to enjoin in this proceeding.
West, J. CT Page 10202