[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO OPEN JUDGMENT
CT Page 747
The plaintiff brought this summary process action on November 5, 1997 with a return date that had passed four months earlier, July 14, 1997.[1] The action was made returnable to Bantam, Ct. On November 21, 1997, the plaintiff filed an amended summons bearing the return date of November 14, 1997. Attached to the amended summons was a certification that it had been mailed to the defendants. On December 8, 1997, the plaintiff filed a motion to transfer the action to the judicial district of Waterbury. The motion was granted that same day. On December 19, 1997, a judgment of possession was rendered against the defendants who had failed to appear.
Ten days later, on December 29, 1997, the defendants moved to open the judgment for the reasons: "1. That the complaint served upon the defendants is procedurally defective in that the Prayer for Relief is not in compliance with Connecticut Public Act § [sic] 97-2312. The Defendants have a valid defense to the complaint."
"Practice Book § 377 is the vehicle by which to open a judgment rendered upon a default. . . ." Pump Services Corp. v.Roberts, 19 Conn. App. 213, 216, 561 A.2d 464 (1989). Practice Book § 377, like General Statutes § 52-212, "provides that any judgment rendered upon default may be set aside within four months, upon complaint or written motion of any person prejudiced by the judgment. The aggrieved person must show reasonable cause, or that a good defense existed at the time of judgment, and that the movant was prevented by mistake, accident or other reasonable cause from making the defense. . . . It is thus clear that to obtain relief from a judgment rendered after a default, two things must concur. There must be a showing that (1) a good defense, the nature of which must be set forth, existed at the time judgment was rendered, and (2) the party seeking to set aside the judgment was prevented from making that defense because of mistake, accident or other reasonable cause.Pantlin Chananie Development Corporation v. Hartford Cement CT Page 748Building Supply Co., 196 Conn. 233, 235, 492 A.2d 159 (1985), quoting Eastern Elevator Co. v. Scalzi, 193 Conn. 128, 131,474 A.2d 456 (1984); Costello v. Hartford Institute of Accounting,Inc., 193 Conn. 160, 167, 475 A.2d 310 (1984). [I]n granting or refusing an application to open a judgment, the trial court is required to exercise a sound judicial discretion and its decision will be set aside only for an abuse of such discretion.Pantlin Chananie Development Corporation v. Hartford Cement Building Supply Co., supra, 235." (Internal citations omitted.)Triton Associates v. Six New Corporation, 14 Conn. App. 172,174-75, 540 A.2d 95 (1988). Practice Book § 377 also provides that : "Such written motion shall be verified by the oath of the complainant or the complainant's attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear."
The defendants' motion to open is not verified, does not state the nature of the defendants' defense, nor is such defense set forth, nor is there a statement, much less a showing, that the defendants were "prevented from making that defense because of mistake, accident or other reasonable cause." Nor does the motion disclose which of the eleven sections of Public Act No. 231 is violated by the plaintiff's complaint.
However, during argument, the defendants claimed that the return date was defective. Since the return date preceded the commencement of the action it indeed was defective. General Statutes § 52-48 (b);[2] General Statutes § 47a-23a(a).[3] Nor was the defect corrected in the manner provided by General Statutes § 52-72.[4] No motion was made and service on the defendants did not comport with the manner prescribed by General Statutes § 52-72 (b).
However, even where the defect in the return date exists in a statutory action strong, affirmative dicta from the Supreme Court states that such a defect pertains to personal jurisdiction rather than subject matter jurisdiction. SeeConcept Associates, Ltd. v, Board of Tax Review, 229 Conn. 618,625 n. 8, 642 A.2d 1186 (1994). For this reason the court is not at liberty to invoke the principle that "[l]ack of [subject matter] jurisdiction may be noticed at any time, whether or not it is raised by the parties"; Simmons v. State, 160 Conn. 492,503, 280 A.2d 351 (1971); "and must be acted on by the court `regardless of the form of the motion' . . . or the content of CT Page 749 the pleadings." LaCroix v. Board of Education, 199 Conn. 70, 80
n. 8, 505 A.2d 1233 (1986).
It remains the law that if a judgment is rendered without jurisdiction to do so, it may be opened and modified at any time. Misinonile v. Misinonile, 190 Conn. 132, 135, 459 A.2d 518
(1983). However, where, as here, the jurisdictional defect does not relate to subject matter but to in personam jurisdiction, the defect must be raised by a proper motion. The defendants' motion is not such a motion. For this reason, the motion is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court