[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
In this case the plaintiff, New Britain Board of Water Commissioners ("Board"), seeks to condemn a parcel of property owned by the State of Connecticut, which was acquired for highway purposes and is needed by the State. The defendant has moved to dismiss this action on the ground that under the doctrine of sovereign immunity, this court is without the subject matter jurisdiction necessary to issue the plaintiffs requested certificate of taking.
The Board is a municipal agency of the city of New Britain. The defendant, James F. Sullivan, is the Commissioner of the Connecticut Department of Transportation ("DOT"). The DOT, and necessarily therefore the State of Connecticut ("the State"), owns a two acre parcel of property ("the property") located in Burlington; Connecticut. The property is currently vacant, but the State does intend to use the property for construction of a facility for the safe storage of road salt. Affidavit of Edgar T. Hurle, Director of Environmental Planning for the Department of Transportation.
"A motion to dismiss., properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Konover v. Town of West Hartford, 242 Conn. 727,740, 699 A.2d 158 (1997). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Peabody, N.E., Inc.,239 Conn. 93, 99, 680 A.2d 1321 (1996). CT Page 8039
The Connecticut Supreme Court has recognized only three instances in which legal proceedings against the sovereign may be maintained. They are: (1) where the action is one for declaratory judgment or an injunction and involves factual allegations of a constitutional infringement or violation. Fetterman v, Universityof Connecticut, 192 Conn. 539, 550-553, 473 A.2d 176 (1984);Sentner v. Board of Trustees, 184 Conn. 339, 344, 439 A.2d 1033
(1981); (2) where the action is one for declaratory judgment or one for an injunction and involves factual allegations that the State through its officers or agents has acted in excess of statutory authority. Fetterman v. University of Connecticut,supra, at 553; Duguay v. Hopkins, 191 Conn. 222, 227, n4,464 A.2d 45 (1983); and (3) where the State has consented to such suit by legislative enactment. See, Connecticut General Statutes § 19a-24; Duguay v. Hopkins, supra, at 227, 232; Connecticut General Statutes § 4-175; Connecticut Association of Board ofEducation v. Shedd, 197 Conn. 554, 561, 499 A.2d 797 (1985).
The present case clearly does not fall within the first or second category set forth above. The plaintiff claims that Connecticut General Statutes § 25-42 provides explicit and/or implicit authority for its actions in condemning the land owned by the State. Section 25-42 provides:
 Power to take lands and streams. Any town, city, borough or corporation authorized by law to supply the inhabitants of any town, city or borough with pure water for public or domestic use may take and use such lands., or such rights or interests therein, as the Superior Court . . . deems necessary for the purposes of such supply . . . For the purposes of preserving the purity of such water and preventing any contamination thereof, such town, city, borough or corporation may take such lands or rights as the Superior Court . . . deems necessary therefor.
Absent express language or necessary implication, a statute may not be interpreted as diminishing the sovereign immunity of the State or hindering its operations. Owner-Operator IndependentDriver Association of America v. State, 209 Conn. 679, 685,553 A.2d 1104 (1985). Based upon the plain statutory language of § 25-42, it is clear that the legislature has not expressly authorized the taking of State owned property by the Board. Section 25-42 is simply an enabling statute that supplies a general grant of power to municipal authorities for the condemnation of property for the purpose of water preservation CT Page 8040 and supply. See Bridgeport Hydraulic Co. v. Rempsen,124 Conn. 437, 441, 200 A. 348 (1938). There is nothing in the statute to indicate that the legislature expressly intended to authorize entities such as the Board to acquire by eminent domain property dedicated to a public use and owned by the State. Cf. Connecticut General Statutes § 13a-149 (legislature expressly abrogated State's sovereign immunity under appropriate circumstances); Connecticut General Statutes § 7-465 (legislature expressly abrogated governmental immunity). Therefore, here, without such an explicit expression of legislative intent to extend the power of eminent domain over property owned by the State and reserved for public use, the State's sovereign immunity from such a proceeding remains intact.
Section 25-42 also fails to authorize the plaintiff to condemn the land of the State by "necessary implication." "In the determination of the question whether or not property already devoted to a public use can be subjected to the process of eminent domain the primary factor to be considered is the character of the condemnor." (Internal quotation marks omitted.)Hiland v. Ives, supra, at 688. "If the sovereign, such as the state . . . on its own behalf and for its own sovereign purposes, seeks to acquire such property by eminent domain, the character of the `res' as public property, generally, has no inhibiting influence upon the exercise of the power." (Internal quotation marks omitted.) Id.
Here, the character of the Board as condemnor is that of an "inferior governmental" entity vis-a-vis the State. See Hiland v.Ives, supra, at 690. Therefore, with respect to the character of the condemnor and condemnee, the Board's hierarchical inferiority to that of the State militates against the finding of an implicit power of condemnation under the statute.
"[A]s Mr. Justice Holmes wrote: "A sovereign is exempt from suit, not because of any formal conception or obsolete theory, but on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends.'" Horton v. Meskill, 172 Conn. 615, 623,376 A.2d 359 (1977), citing Kawananakoa v. Polyblank, 205 U.S. 349,353, 27 5. Ct. 526, 51 L.Ed. 834 (1907).
The language of § 25-42, which empowers municipalities to condemn property without expressly mentioning the State, is akin to Connecticut General Statutes § 52-192a, which provides for CT Page 8041 awards of prejudgment interest "in any civil action." InStruckman v. Burns, 205 Conn. 542, 559-560, 534 A.2d 888 (1987), the Supreme Court held that "notwithstanding the general language of the statute, an award of prejudgment interest against the State of Connecticut was barred due to the absence of a waiver of the State's sovereign immunity from such an award by either express language in the statute or by necessary implication."
It is a long standing rule in this state that the authority to take property by eminent domain will be strictly construed in favor of the property owner and against the condenmor. Laurel,Inc. v. Commissioner of Transportation, 180 Conn. 11, 31,428 A.2d 789 (1980); Simmons v. State, 160 Conn. 492, 500,280 A.2d 351 (1971); Torrington v. Coles, 155 Conn. 199, 201,230 A.2d 550 (1967); New Haven v. East Haven, supra,35 Conn. Sup. 165. Accordingly, this court cannot construe General Statutes § 25-42 broadly in favor of the Board as condemnor; but must construe the statute narrowly in favor of the State as the property owner
The property in question is intended for utilization by the State for purposes related to State highway safety. To subject the State to a judicial condemnation process by which the City of New Britain is able to seize that property is precisely the sort of interference with a performance of the function of State government that the doctrine of sovereign immunity exists to prevent. See Horton v. Meskill, supra, at 623-624.
For the foregoing reasons the Motion to Dismiss is granted.
By the court,
Aurigemma, J.