## In re Gary Arthur LINTON, Debtor.

### Bankruptcy No. 83–00797.

United States Bankruptcy Court,
D. Idaho.

Dec. 30, 1983.

Richard D. Greenwood, Langley & Greenwood, Twin Falls, Idaho, for debtor.

Paul M. Beeks, Smith, Beeks & Goss, Twin Falls, Idaho, for trustee.

Larry E. Prince, Langroise, Sullivan & Smylie, Boise, Idaho, for Associates Commercial Corp.

## MEMORANDUM DECISION

M.S. YOUNG, Bankruptcy Judge.

This matter is before the court upon the motion of Associates Commercial Corporation (hereafter Associates) to annul the § 362 stay in order to allow foreclosure of its liens against a 1978 Utility refrigerated van and a 1976 Thermo-King refrigeration unit. The facts are not disputed.

On or about the 5th day of August, 1982, Gary Linton executed a contract with Associates whereby he purchased, on an installment basis, the above van and refrigeration unit. Linton granted Associates a security interest in the van and refrigeration unit.

On August 9, 1982, debtor filed for relief under Chapter 13. On that same date, Associates caused a UCC-1 financing statement to be filed with the Secretary of State for the State of Idaho in order to perfect its security interest in the refrigeration unit

and, on August 18, 1982, recorded its security interest in the van with the Department of Transportation for the State of Idaho. Thereafter, a certificate of title was issued for the van and noted thereon was the lien of Associates as being recorded on August 18.

Thereafter, on January 27, 1983, an application was made to the State of Utah for a certificate of title covering the above described van. That application was made by Gary Linton. Pursuant to the application, a certificate of title covering the van, and noting thereon the lien of Associates, was issued by the State of Utah on February 25, 1983. Debtor's Chapter 13 proceeding was dismissed two days earlier, on February 23, 1983.

Approximately March 25, 1983, Associates took possession of the collateral. On May 12, 1983, the above captioned Chapter 7 proceeding was filed by Gary Linton.

It is uncontested that debtor has failed to make the payments due under the installment contract and that, as a result thereof, there is due from debtor to Associates the sum of $18,251.72, plus accrued and accruing interest. Further, neither the debtor nor Roland O. Severson, trustee, have offered Associates adequate protection for its security interest in the above described collateral. If Associates' lien is not avoidable, neither the debtor nor his estate have any equity in the subject property, and the stay created by the May 12, 1983 filing should be vacated.

Trustee resists Associates' motion on the ground that Associates' attempts to perfect its security interest in the refrigeration unit and van during the pendency of the chapter 13 case were ineffective because they were in violation of § 362(a)(4) which stays any act to create, perfect, or enforce a lien against property of a debtor's estate. Trustee argues that, the UCC and Department of Transportation filings not being valid, annulment of the stay at this time would be improper.

Associates asserts that § 349 of the Code indicates an intent to restore parties to the status quo as of the date of the filing of a petition should that proceeding be later dismissed, and thus the acts taken to perfect its secured position in contravention of the § 362 stay should now be given legal effect. However, when read literally, the only effect of § 349 would be to restore Associates to the status as of the date of the filing of the Chapter 13 proceeding on August 9, 1982, i.e., a secured but unperfected creditor.

It is generally accepted that acts taken in violation of the stay, and thus in violation of the jurisdiction of the Bankruptcy Court, are void and without effect. See *Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed.2d 370 (1940); *First Security Bank of Idaho v. Ricks,* 26 B.R. 134, 83 IBCR 1 (Bkrtcy.D.Id.1983). The language of § 349 restores "avoided" transfers, but it does not specifically address either those acts which might have been avoided but were not or those acts which might be viewed as jurisdictionally "void" rather than "avoidable."

*Kalb* concerned an attempted foreclosure of a creditor's interest against property of the estate subsequent to the filing of the petition for relief under the Bankruptcy Act of 1898. Section 75 of the Act created a statutory stay similar to § 362 of the existing Code. That case essentially established that an act of foreclosure taken in violation of the specific injunctive provisions of the federal bankruptcy statutes was subject to collateral attack in the bankruptcy proceeding and would therein be held void and a nullity. It does not expressly hold that such an act is void at all times or for all purposes. Nor does it discuss or intimate what result would have been reached had the bankruptcy proceeding been dismissed. However, Congress has, through § 349, implied that the purposes served by the avoiding powers of Title 11, Chapter 5, cease upon dismissal of the case. Though the Code does not expressly state that improper transfers not affirmatively avoided by a trustee should be treated in the same manner as those actually avoided, I see no persuasive reason why they should not be.

■ I thus conclude that, under the facts of this case, the perfection of the security interests in the collateral by Associates should be allowed to stand. I find no policy of the Code thwarted by this recognition of the interest of Associates. The primary function of the § 362 stay is to protect the assets of the estate for the benefit of creditors, so that an equitable distribution according to the statutory scheme can be effected. Upon dismissal, the need for this protection is eliminated. Section 349(b) recognizes this fact in its "reinstatement" of all transfers avoided during the pendency of the proceeding.

Counsel for Associates may submit a formal order in accord with this decision.