## TOWN OF KILLINGLY *v.* RALPH W. WELLS (7051)

STOUGHTON, NORCOTT and JACOBSON, Js.

Argued March 8—decision released May 30, 1989

*Wesley W. Horton,* with whom was *Alexandra Davis,* for the appellant (defendant).

*John D. Bolan,* for the appellee (plaintiff).

NORCOTT, J. As part of a condemnation action against property owned by the defendant, Ralph W. Wells, the town of Killingly, on July 6, 1987, filed a statement of compensation, notice and a check for $100,000 with the clerk of the Superior Court at Putnam pursuant to General Statutes § 8-129. On November 30, 1987, the defendant applied for a review of the statement of compensation under General Statutes § 8-132.[1] The application for review of the town's state-

---

[1] General Statutes § 8-132 provides: "APPEAL BY OWNER. Any person claiming to be aggrieved by the statement of compensation filed by the redevelopment agency may, at any time within six months after the same has been filed, apply to the superior court for the judicial district in which such property is situated, or, if said court is not in session, to any judge thereof, for a review of such statement of compensation so far as the same affects such applicant, and said court or such judge, after causing notice of the pendency of such application to be given to said redevelopment agency, shall appoint a state referee to make a review of the statement of compensation. Such referee, having given at least ten days' notice to the parties interested of the time and place of hearing, shall hear the applicant and said redevelopment agency, shall view the property and take such

ment of compensation was listed on the short calendar for December 21, 1987, at which time the trial court denied the application without a memorandum of decision.

On February 28, 1988, the defendant filed a motion for reconsideration requesting the court to set aside the previous denial of his application for review. The trial court held a hearing on the defendant's motion and, on May 2, 1988, denied the motion on the ground that it was filed more than six months after the filing of the statement of compensation. In its memorandum of decision, the court also explained that it had denied the defendant's application of November 30, 1987, because the application did not conform to Practice Book Form 404.2.[2] The defendant now appeals

---

testimony as such referee deems material and shall thereupon revise such statement of compensation in such manner as he deems proper and forthwith report to the court. Such report shall contain a detailed statement of findings by the referee, sufficient to enable the court to determine the considerations upon which the referee based his conclusions. Such report may be rejected for any irregular or improper conduct in the performance of the duties of such referee. If the report is rejected, the court or judge shall appoint another referee to make such review and report. If the report is accepted, such statement of compensation shall be conclusive upon such owner and the redevelopment agency. If no appeal to the appellate court is filed within the time allowed by law, or if one is filed and the proceedings have terminated in a final judgment finding the amount due the property owner, the clerk shall send a certified copy of the statement of compensation and of the judgment to the redevelopment agency, which shall, upon receipt thereof, pay such property owner the amount due him as compensation. The pendency of any such application for review shall not prevent or delay whatever action is proposed with regard to such property by the project area redevelopment plan."

[2] Practice Book Form 404.2 provides as follows:

"APPEAL AND APPLICATION FOR REVIEW OF STATEMENT OF COMPENSATION CONDEMNATION—OTHER THAN HIGHWAY

"To the superior court in and for the judicial district of at to be held on (*return date*), comes (name and residence of appellant), applying for a review of the statement of compensation hereinafter referred to and complains and says:

"1. On (*date*), (*name of condemnor*) filed with the clerk of this court a statement of compensation in regard to the taking of the premises hereinafter referred to.

claiming error in the trial court's denial of his initial application for review of the plaintiff town's compensation statement and from the subsequent denial of his motion for reconsideration. We find error.

The issue presented is whether the defendant's application for review was legally sufficient under General Statutes § 8-132 to commence the process of review by the Superior Court.[3] Section 8-132 allows a person

"2. The premises so taken are situated in the town of and are bounded and described as follows:

*(Insert description)*

"3. The applicant is the owner of (*or* has a record interest in) the premises.

"4. The applicant is aggrieved by the statement of compensation.

"Wherefore the applicant applies to this court for a review of the statement of compensation.

"Dated at (*place and date*)

Applicant

By _____

His Attorney

ORDER OF NOTICE

"To Any Proper Officer:

"By authority of the state of Connecticut you are hereby commanded to cause notice of the foregoing appeal and application be given to (*name of condemnor*), by serving upon it in the manner prescribed for the service of civil process a true and attested copy of the foregoing appeal and application and of this order not less than twelve days before the return day of the application.

"Hereof fail not, but of this order make due service and return.

"Dated at (*place and date*)

By the Court ( , J.)

_____

Assistant Clerk"

[3] The defendant's application for review reads as follows:

"On July 6, 1987, the Town of Killingly filed with the clerk of the Superior Court a Statement of Compensation for the taking of real property belonging to Ralph W. Wells, an aggrieved party, and the owner of said real estate.

"Said Statement of Compensation in the sum of One Hundred Thousand ($100,000.00) Dollars is inadequate and the applicant asks this Court to appoint a State Referee to make a review thereof, in conformity with CGS 8-132."

aggrieved by a statement of compensation to apply to the Superior Court to seek a review of that statement. All parties to this appeal concede, and we agree, that the exact procedure to be followed under the statute is unclear. The trial court determined that the statutory requirements are met only by precisely following the form illustrated in the Practice Book. The plaintiff argues that § 8-132 requires the filing of a separate action to test the adequacy of the condemnation award. The defendant contends that his application, as filed, sufficed to meet the requirements of the statute.

"Where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . ." *Davis* v. *Naugatuck,* 15 Conn. App. 185, 188, 543 A.2d 785 (1988). Although General Statutes § 8-132 sets forth no specific format for the application for review, the Practice Book sets out an example of an application for review in a condemnation proceeding. The Practice Book forms, unless otherwise designated, are illustrative and not mandatory. Practice Book Forms, Preface, p. v. Indeed, the trial court itself noted that there exists no authority for the mandatory use of Form 404.2 in a condemnation proceeding. We therefore conclude that the court erred in denying the defendant's application based on its lack of conformity with the Practice Book form.

We next turn to the plaintiff's argument, which we find to be without merit. The plaintiff cites no authority to support its position, but invites us to find that the statute, as it has been implemented by custom, requires the filing of a separate action, collateral to the condemnation proceeding. We decline the invitation. Although applications for review of statements of compensation have been initiated by way of the filing of a separate action in the Superior Court; see, e.g., *McDermott* v.

*New Haven Redevelopment Agency,* 184 Conn. 444, 440 A.2d 168 (1981); *Wronowski* v. *Redevelopment Agency,* 180 Conn. 579, 430 A.2d 1284 (1980); the statute does not require such a procedure. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." *Farricielli* v. *Personnel Appeal Board,* 186 Conn. 198, 201, 440 A.2d 286 (1982). The language of § 8-132 simply does not mandate the initiation of a separate action to test the adequacy of a condemnation award. When the legislature has required that a separate action be brought in similar matters, it has specifically provided the procedure to be followed. See, e.g., General Statutes § 7-250 (appeal from a town's assessment of sewer benefits).[4] The statute involved in this case requires only that a condemnee "apply" to the Superior Court, and, thereafter, the *court* will cause "notice of the pendency of [the] application to be given to said [redevelopment agency] . . . . " Thus, under the statutory scheme of § 8-132, the court bears the responsibility for giving notice to the town, a responsibility normally associated with one who initiates a cause of action. See General Statutes § 52-45a.

Although we find that § 8-132 does not mandate the filing of a separate action to contest a statement of compensation, our inquiry does not end here. We next must

---

[4] General Statutes § 7-250 provides in pertinent part: "No assessment shall be made until after a public hearing before the water pollution control authority at which the owner of the property to be assessed shall have an opportunity to be heard concerning the proposed assessment. . . . Any person aggrieved by any assessment may appeal to the superior court for the judicial district wherein the property is located and shall bring any such appeal to a return day of said court not less than twelve nor more than thirty days after service thereof and such appeal shall be privileged in respect to its assignment for trial. Said court may appoint a state referee to appraise the benefits to such property and to make a report of his doings to the court. The judgment of said court, either confirming or altering such assessment, shall be final."

determine whether the defendant's application for review, as filed, was legally sufficient.

The claimed deficiencies in the application are that the defendant did not (1) entitle the application an "appeal," (2) describe the property in the application or (3) give an order of notice as set out in the Practice Book form. The statute is entitled "Appeal by owner" while the text of the statute allows an aggrieved person to "apply" to the Superior Court for a review of the statement of compensation. The illustrative Form 404.2 in the Practice Book is entitled "Appeal and Application for Review of Statement of Compensation . . ." combining both terms. We conclude that denial of the request for review based on the failure to use both terms or on the use of the term "application" rather than "appeal" would clearly be improperly elevating form over substance.

With respect to the lack of description in the application for review, we again note that § 8-132 does not require that the condemnee provide a description of the property. Although the property description is essential for the statement of compensation under § 8-129; see *Transportation Plaza Associates* v. *Powers,* 203 Conn. 364, 370, 525 A.2d 68 (1987); the lack of such description does not warrant a denial of an application, brought pursuant to § 8-132, which makes specific reference to the statement of compensation and the description of the property therein. We note also that the record indicates that it was abundantly clear to all parties that the defendant's application for review contested the town's statement of compensation regarding the defendant's property as specifically described in the statement of compensation.

As to the order of notice, not only does the statute require the court to provide notice of the application to the town, but we note that counsel for all parties

attended the December 21, 1987 hearing on the defendant's application for review, thus indicating that all parties had actual notice.

Our analysis of the defendant's application leads us to conclude that the defendant sufficiently apprised the town and the court of his opposition to a specific statement of compensation and successfully triggered the statutory procedural mechanism for review of the application. We therefore conclude that the trial court erroneously denied the defendant's application for review. "Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." *Johnson* v. *Zoning Board of Appeals,* 166 Conn. 102, 111, 347 A.2d 53 (1974). Because of our conclusion, we need not reach the defendant's other claim of error.

There is error, the judgment is set aside and the case is remanded to the trial court for referral of the defendant's application to a state trial referee for review of the statement of compensation.

In this opinion the other judges concurred.