[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The motion to dismiss is denied. In interpreting General Statutes 8-132, which contains almost identical language as13a-76, the appellate court stated that the statute "requires only that a condemnee `apply' to the Superior Court, and thereafter, the court will cause" notice to be given to the commissioner." Killingly v. Wells, 18 Conn. App. 508, 513
(1989). Therefore, it is "the court [that] has the responsibility for giving notice to the town, a responsibility normally associated with one who initiates a cause of action." Id. Therefore, it cannot be said that a plaintiff "applies" to the Superior Court when the commissioner is served; in Killingly, supra, the court held that the plaintiff need not even serve the commissioner. Cf. Glenlakes Realty Assoc., Inc. v. Department of Transportation, 7 Conn. L. Rptr. 228 (August 11, 1992, Rush, J.).
Furthermore, some courts have held that notice of condemnation is not "filed" within the meaning of 13a-76 until the plaintiff receives actual notice of the condemnation. See Newberry v. Frankel, 7 Conn. L. Rptr. 406 (September 21, 1992, Aurigemma, J.). There is no dispute that the clerk of the court did not send notice until September 8, 1992. Under this reasoning plaintiff is well within the six month period, even if plaintiffs did not "apply" until the commissioner was served. Accordingly, whether it is viewed that the statutory six month period begins when plaintiffs received notice or that plaintiffs applied to the court when their appeal was filed, the motion to dismiss is denied as plaintiffs complied with the statutory time period. CT Page 7558
LEHENY, JUDGE