CECELIA GASPARRI ET AL. *v.* DEPARTMENT OF TRANSPORTATION
(12585)

FOTI, LANDAU and HENNESSY, Js.

Argued January 17—decision released March 7, 1995

*Robert E. Ghent,* for the appellants (plaintiffs).

*Lawrence G. Widem,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (defendant).

HENNESSY, J. This is an appeal by the plaintiffs, Cecelia Gasparri and Eugene Gasparri, from the trial court's judgment reassessing damages against the defendant department of transportation in a condemnation action. The plaintiffs claim that the trial court (1) applied an improper standard to arrive at its valuation of the property, and (2) reached a determination of damages that was not supported by the evidence. We affirm the judgment of the trial court.

In 1992, the plaintiffs were the owners of a parcel of land located on a state highway known as Harper's Ferry Road in Waterbury. On July 15, 1992, the defendant obtained this property by eminent domain and assessed the damages owing to the plaintiffs at $164,000. The plaintiffs appealed to the Superior Court for a reassessment of damages, and the matter was referred to a state trial referee. Following a hearing, at which testimony was given by Eugene Gasparri, by an expert retained by the plaintiffs, and by an expert retained by the defendant, and after the trial referee viewed the premises in question, the trial referee reassessed the fair market value of the property at $185,000, and ordered the defendant to pay the plaintiffs $21,000 in addition to the $164,000 previously assessed.

In arriving at its independent valuation of the property, the trial referee found that the plaintiffs' expert's

$250,000 valuation for the subject property was based on commercial use, and that the defendant's expert's $164,000 valuation was based on residential use. The trial referee found that the highest and best use of the property was commercial, and that a zoning change to allow such use was probable, but that the property was zoned residential at the time of the taking. Taking these factors into consideration, the trial referee reassessed the value of the property at $185,000. It is from this assessment of damages that the plaintiffs appeal.

I

The plaintiffs first claim that the trial referee applied an improper standard in arriving at the valuation of the property. The plaintiffs contend that having found that the highest and best use of the property was commercial, the trial referee was required to use this as the basis for assessing damages. We disagree.

The plaintiffs are entitled to receive just compensation when their land is taken by eminent domain. *South Farms Associates Ltd. Partnership* v. *Burns*, 35 Conn. App. 9, 15, 644 A.2d 940, cert. denied, 231 Conn. 912, 648 A.2d 157 (1994). " 'The amount that constitutes just compensation is the market value of the condemned property when put to its highest and best use *at the time of the taking.*' " (Emphasis added.) Id., quoting *Green* v. *Burns*, 221 Conn. 736, 745, 607 A.2d 402 (1992). "The probability of a zone change that could affect the price may properly be considered in the determination of the fair market value. *Transportation Plaza Associates* v. *Powers*, 203 Conn. 364, 375, 525 A.2d 68 (1987). '[T]he true issue is, [however,] not the value of the property for the use which would be permitted if a change in zone was made, but the value of the property as zoned at the time of the taking as it is affected by the probability of a change. *Budney* v. *Ives,* [156 Conn. 83, 89, 239 A.2d 482 (1968)].' *Greene*

v. *Burns*, supra, [745]." *South Farms Associates Ltd. Partnership* v. *Burns*, supra, 15.

Although the plaintiffs are correct in stating that the trial referee found the highest and best use of the property to be commercial, they fail to accept that the highest and best use cannot be the starting point for the assessment of damages if the property is not zoned so as to allow that use. " 'No matter how probable an amendment may seem, an element of uncertainty remains and has its impact upon the selling price. At most a buyer would pay a premium for that probability in addition to what the property is worth under the restrictions of the existing ordinance.' " *Budney* v. *Ives*, supra, 156 Conn. 89, quoting *State* v. *Gorga*, 26 N.J. 113, 117, 138 A.2d 833 (1958).

Here, the trial referee determined that the property was zoned residential, and that there was a probability that it would be rezoned commercial. To reflect the probability of the rezoning for commercial use in the valuation, the trial referee assessed the fair market value of the property to be greater than the defendant's valuation, which was based solely on the current residential zoning. In doing so, the trial referee properly applied the controlling law.

## II

The plaintiffs also claim that there was no evidence to support the trial referee's conclusion that the proper valuation of the subject property was $185,000. The plaintiffs contend that because their expert valued the property at $250,000 and because the defendant's expert valued the property at $164,000, the trial referee was limited to choosing one of these two figures as the measure of damages. We disagree.

"In determination of the fair market value, the trial court in a condemnation appeal hears the matter de

novo; *DeLucia* v. *Burns*, 11 Conn. App. 439, 443, 527 A.2d 1234, cert. denied, 205 Conn. 803, 531 A.2d 935 (1987); and makes an independent determination of value and fair compensation in light of all the circumstances, the evidence, the trial court's general knowledge and the court's viewing of the premises. *Minicucci* v. *Commissioner of Transportation*, 211 Conn. 382, 388, 559 A.2d 216 (1989)." *South Farms Associates Ltd. Partnership* v. *Burns*, supra, 35 Conn. App. 17. "[N]o one method of valuation is controlling in the trier's determination of just compensation; *Laurel, Inc.* v. *Commissioner of Transportation*, 180 Conn. 11, 37–38, 428 A.2d 789 (1980); the trial court need not necessarily specify a valuation method used. Nor is the court required to set forth specific factors that were considered in arriving at that determination. The trial court's decision is reviewable only if it is apparent that it misapplied, overlooked, or gave a wrong or improper effect to any test or consideration that it was that court's duty to regard. *Greenfield Development Co.* v. *Wood*, 172 Conn. 446, 451, 374 A.2d 1084 (1977)." *South Farms Associates Ltd. Partnership* v. *Burns*, supra, 18.

"On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous." *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221, 435 A.2d 24 (1980). In this case, the trial referee viewed the premises, heard all the evidence, studied the appraisal reports, and made an independent determination of value. The plaintiffs fail to show that the trial referee misapplied, overlooked, or gave a wrong or improper effect to any relevant factors. We conclude that the trial referee's valuation of the property was not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.