[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum
This is an appeal from a Notice of Condemnation and Assessment of Damages by the Commissioner of transportation, which appeal is pursuant to Sec. 13a-76 of the Conn. Gen. Stats. The defendant/appellant Crestwood II has filed a motion to strike two special defenses to the appeal which have been asserted by the Commissioner.
The first special defense alleges that the order of notice issued by the court required service of "civil process" on the Commissioner and due return to court on or before April 14, 2000. The first special defense alleges further that Sec. 52-46 of the Conn. Gen. Stats. was not complied with as service was on April 4, 2000, less than twelve days prior to the return date and the court is therefore without subject matter jurisdiction.
The second special defense alleges that the court is without subject matter jurisdiction as the defendant/appellant was required to institute a distinct de novo administrative appeal, separate from the deposit case with a summons or citation as required by Sec. 52-45a and 52-46 of the Conn. Gen. Stats.
As to each of the special defenses, this court agrees with the decision of Judge Rush in Glenlake Realty Associates v. Conn. Dept. ofTransportation, 7 CONN.L.RPTR. 228, 1992 Ct. Sup. 7644 (August 13, 1992), to the effect that the provisions of see. 52-45a and 52-46 of the Conn. Gen. Stats. do not apply to this case.
In addition the Appellate Court in Killingly v. Wells, 18 Conn. App. 508,513 (1989), expressly sanctioned the filing of an appeal in a condemnation case in the deposit case.
It is the opinion of the court that the defendant/appellant has complied with the requirements of sec. 13a-76 and the court does therefore have subject matter jurisdiction.
The motion to strike the special defenses is therefore granted.
THOMPSON, J.