[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 10143
Yun-Wah Wong, Clemencia S. Wong, Chun Kam Chung, Shouying Wong Chung and Steven Chi-Lik Wong, owned property on Route 7 in Ridgefield which were taken by eminent domain. On September 24, 1999, the Commissioner of Transportation filed a notice of condemnation and assessment of damages in the amount of two hundred sixty thousand ($260,000) dollars with this court. The plaintiffs have appealed from the assessment. The defendant has filed an answer and special defense arguing that the court lacks subject matter jurisdiction over the appeal because the plaintiffs did not attach a proper summons or citation when the defendant was served with notice of the appeal and, therefore, did not strictly comply with § 13a-76 of the General Statutes.[1] They now move to strike the special defense in accordance with § 10-39 of the Practice Book on the ground that they have complied with § 13a-76 and, therefore, the court does have subject matter jurisdiction.[2]
Before reaching the merits of the issue, the court notes that the issue of lack of subject matter jurisdiction is more properly decided by a motion to dismiss and not by a special defense. See § 10-31 of the Practice Book. Nonetheless, "[o]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . ." (Internal quotation marks omitted.) CommunityCollaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 552 (1997). "Administrative appeals, such as condemnation appeals, are creatures of statute. Strict compliance with the procedures set forth within the body of the governing statute by the aggrieved plaintiff, including the limitations of actions provisions, is essential to the subject matter jurisdiction of the court." Schon v. Commissioner of Transportation,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 523306 (May 10, 1994, Aurigemma, J.) See also ChestnutRealty, Inc. v. CHRO, 201 Conn. 350, 356 (1986); Koepke v. Zoning Boardof Appeals, 30 Conn. App. 395, 399 (1993).
The defendant relies on Bristol v. Milano, 45 Conn. Sup. 605 (1998), and argues that the plaintiffs should have served a summons or citation along with the notice of appeal. The facts in Bristol are easily CT Page 10144 distinguished. There, significantly, the plaintiff claimed to be aggrieved by the statement of compensation filed by the redevelopment agency and the governing statute was § 8-132. The court addressed the issue of notice in dictum and did not state specifically that theplaintiff was to provide notice to the defendant. It stated that an order of notice to, and citation served upon, the condemnor for his appearance in the civil action for the appeal and application for review of statement of compensation, are required; but the court did not indicateof whom such service is required.
In the present case, the defendant argues in his memorandum in opposition to the plaintiffs' motion to strike that this is a civil case and is, therefore, governed by § 52-45a. This court finds, however, that § 13a-76 is the governing statute.[3] Similarly, in GlenlakeRealty Associates, Inc. v. Connecticut Dept. of Transportation, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 122217 (August 7, 1992, Rush, J.) (7 C.S.C.R. 1020), the court found that § 13a-76 was the governing statute. There, as in the present case, the plaintiff filed an appeal from the assessment of damages by the commissioner of transportation. The defendant moved to dismiss the case because the plaintiff did not serve a summons or citation with the notice of appeal. Adhering strictly to the statutory requirements of § 13a-76, the court found that "the procedure under § 13a-76 does not envision a writ of summons, describing the parties, the court to which the action is returnable, the return date, and the date and place for the filing of an appearance as required by § 52-45a. The applicable statute in the present case, under which the plaintiff seeks a reassessment of damages, envisions only the filing of the Application and issuance of a `notice of the pendency of such application.'" Glenlake Realty Associates, Inc. v.Connecticut Dept. of Transportation, supra, Superior Court, Docket No. 122217. The court relied on Boltuch v. Rainaud, 137 Conn. 298, 330
(1950), as well, and stated that our Supreme Court has held that service of process is not required when a party is appealing an assessment of damages.
The governing statute, § 13a-76, does not require the plaintiff to serve a summons or a citation of notice on the defendant when appealing an assessment of damages. The court has jurisdiction over the subject matter and, therefore, the motion to strike is, accordingly, granted.
Moraghan, J.