[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTIONS TO DISMISS
The events giving rise to the pending motions to dismiss originate with a bankruptcy petition filed by the defendant, William J. Krawski, on February 14, 1992. Several months following the petition, on December 29, 1992, the plaintiff, Commissioner of Transportation, filed with the clerk of the Superior Court a notice of condemnation and assessment of damages pursuant to General Statutes §§ 13a-73 (b),[1] 13a-73 (e)[2]
and 13b-23[3] for the layout, alteration, extension, drainage, widening, change of grade and improvement of the highway commonly known as Buckland Road. (Plaintiff's Notice of Condemnation and Assessment of Damages.) The assessment of damages was $800.
It was not until May 24, 2000, that the defendant filed an appeal from the assessment of damages. Presently before the court are three motions to dismiss, two filed by the plaintiff and one by the defendant. In a motion to dismiss filed on July 31, 2000, the plaintiff seeks to dismiss the condemnation appeal on the ground that the court lacks subject matter jurisdiction. In a motion filed on February 2, 2001, the plaintiff also seeks to dismiss the condemnation appeal on the ground that the defendant has failed to prosecute the appeal with due diligence. Finally, in a motion filed on March 12, 2001, the defendant seeks to dismiss the condemnation on the ground that the notice of condemnation filed on December 29, 1992, violated the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362 (a)(3), thus depriving this court of jurisdiction to affect the subject property. For the reasons articulated below, all the motions to dismiss are denied. CT Page 12125
 I
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Borden v. Planning ZoningCommission, 58 Conn. App. 399, 405, 755 A.2d 224, cert. denied,254 Conn. 921, 759 A.2d 1023 (2000). Under Practice Book § 10-31(a) "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.)Altfeter v. Naugatuck, 53 Conn. App. 791, 797, 732 A.2d 207 (1999). "A court has subject matter jurisdiction if it has the authority to hear a particular type of legal controversy. This jurisdiction relates to the court's competency to exercise power." (Internal quotation marks omitted.) Ford v. Commissioner of Correction, 59 Conn. App. 823, 826,758 A.2d 853 (2000). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . . Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.)Olympia Mortgage Corp. v. Klein, 61 Conn. App. 305, 307, 763 A.2d 1055
(2001). "A motion to dismiss for lack of subject matter jurisdiction may be made at any time." Stroiney v. Crescent Lake Tax District,205 Conn. 290, 294, 533 A.2d 208 (1987).
 II PLAINTIFF'S FIRST MOTION TO DISMISS
In its motion filed on July 31, 2000, the plaintiff moves to dismiss the condemnation appeal on the grounds that (1) the condemnation appeal is untimely and that the governing statute of limitation is jurisdictional in nature; (2) the summons mandated under General Statutes § 52-45a[4] was not attached to the complaint; and (3) service of process took place less than twelve days prior to the expiration of the return date set by the court's order of notice, and the remedial provisions found within General Statutes § 52-57[5] do not apply to judicially established return dates. The defendant objects to the motion to dismiss on the grounds that (1) the six-month statute of limitations does not apply because the underlying condemnation violated the automatic stay provision of the bankruptcy code; (2) the order of notice was sufficient to commence an appeal from a statement of compensation; and (3) the return was not late.
 A CT Page 12126
The plaintiff first argues that the statute governing the present condemnation is General Statutes § 13a-76[6] and not § 8-132[7]
as the defendant alleges. Hence, the plaintiff argues that the defendant's condemnation appeal should be dismissed because the defendant did not comply with § 13a-76. Section 13a-76 contains almost identical language as § 8-132. Due to the similarity of the statutes, the court finds that the defendant's claim pursuant to §8-132 is analogous to a claim brought pursuant to § 13a-76, and consequently, case law interpreting the provisions of § 8-132 is instructive.
"A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense. . . ." Forbes v.Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389 (1993). "Where . . . a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. . . . In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not of the remedy alone. . . . [U]nder such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised [by the court] at any time, even by the court sua sponte, and may not be waived." (Internal quotation marks omitted.) Ambroise v. WilliamRaveis Real Estate, Inc., 226 Conn. 757, 766-67, 628 A.2d 1303 (1993).
"The provisions of § 8-132 provide an efficient procedure for vindicating the common-law right to just compensation for a taking of property by eminent domain. This statute alters the process by which a property owner must seek just compensation, but does not create a right to just compensation that would not otherwise be available." Karp v. UrbanRedevelopment Commission, 162 Conn. 525, 530, 294 A.2d 633 (1972). "Section 8-132 is not in the nature of a conditional statute in which the limitation is actually a part of a newly created right, and thus determinative of jurisdiction. The limitation is on the remedy alone. Compliance with the time requirement for taking an appeal is not a prerequisite to the existence of the right of action; it is only a limitation analogous to the usual statute of limitation. The limitation is to be regarded as creating a condition subsequent, by which an existing right is cut off by the nonperformance of the condition, rather than a condition precedent to a continuing right." (Internal quotation marks omitted.) Id. "A defense predicated on a condition subsequent, and limitations generally, need not be anticipated and negatived by the plaintiff. They may properly be left to be pleaded by the defendant." Id., 531-32. CT Page 12127
For the foregoing reasons, the court finds that the time limitation in § 13a-76 is to be treated as an ordinary statute of limitation, and, therefore, the plaintiff's claim that the defendant's appeal is barred by the lapse of the statute of limitations must be pleaded as a special defense. Id; see also Glotzer v. Manchester, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 385110 (August 29, 1991, Wagner, J.) (holding that a motion to dismiss an appeal from an assessment of damages on the ground that the plaintiff failed to apply to the court for review of compensation within the six-month period specified in § 8-132 was a defense that should be specially pleaded).
 B
The plaintiff argues pursuant to Bristol v. Milano, 45 Conn. Sup. 605,608-12, 732 A.2d 835 (December 1, 1998, Bieluch, J.), that the court lacks subject matter jurisdiction because the summons mandated under General Statutes § 52-45a was not attached to the defendant's appeal. The defendant argues that the order of notice by the Superior Court clerk to the plaintiff was sufficient to commence an appeal from a statement of compensation.
"Although a writ of summons is a prerequisite to the commencement of a civil action; General Statutes § 52-45a; we conclude that an appeal from commissioners' actions is not a "commencement' of a civil action. Such an action, when it comes to the Superior Court, is not an original one, but a continuation of an action [already] commenced. . . ." Goodmanv. Bank of Boston Connecticut, 27 Conn. App. 333, 339, 606 A.2d 994
(1992). "Although applications for review of statements of compensation have been initiated by way of the filing of a separate action in the Superior Court . . . [§ 8-132] does not require such a procedure. A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . The language of § 8-132 simply does not mandate the initiation of a separate action to test the adequacy of a condemnation award. When the legislature has required that a separate action be brought in similar matters, it has specifically provided the procedure to be followed. . . . The statute involved in this case requires only that a condemnee `apply' to the Superior Court, and, thereafter, the court will cause "notice of the pendency of [the] application to be given to said [redevelopment agency]. . . .' Thus, under the statutory scheme of §8-132, the court bears the responsibility for giving notice to the town, a responsibility normally associated with one who initiates a cause of action. See General Statutes § 52-45a." (Emphasis in original; internal quotation marks omitted.) Killingly v. Wells, 18 Conn. App. 508,513, 558 A.2d 1039, cert. denied, 212 Conn. 807, 563 A.2d 1357 (1989). "[W]e find that § 8-132 does not mandate the filing of a separate CT Page 12128 action to contest a statement of condemnation. . . ." Id.[8]
In Bristol v. Milano, supra, 45 Conn. Sup. 610, Judge Bieluch concluded that Killingly v. Wells, supra, 18 Conn. App. 508, "was issued in error, and the policy and procedure enforced by the Superior Court under memorandum CV-97-33 is contrary to our long established law, procedure and practice in condemnation proceedings." Subsequently, the court went on to say that "[t]he dicta in Killingly and its subsequent implementation in policy CV-97-33 are contrary to, and invalidated by two prior holdings of our Supreme Court [Simmons v. State, 160 Conn. 492, 494
n. 1, 280 A.2d 351 (1971); Karp v. Urban Redevelopment Commission,162 Conn. 525, 527, 294 A.2d 633 (1972)] reaffirming our long established practice and procedure in condemnation actions under the provisions of § 8-132." Id., 611. Judge Bieluch has subsequently reiterated this position several times. See, e.g., Commissioner of Transportation v.Knight, Superior Court, judicial district of Windham at Putnam, Docket No. 61515 (January 22, 2001, Bieluch, J.); Commissioner of Transportationv. Blanchard Rossetto Enterprises, Superior Court, judicial district of Hartford, Docket No. 573857 (August 28, 2000, Bieluch, J.); Commissionerof Transportation v. Ruggiero, Superior Court, judicial district of Hartford, Docket No. 582031 (June 29, 1999, Bieluch, J.).
Nevertheless, in light of applicable appellate authority, the court declines to follow the reasoning and recommendation set forth in Bristolv. Milano, supra, 45 Conn. Sup. 605. See Goodman v. Bank of BostonConnecticut, supra, 27 Conn. App. 339, and Killingly v. Wells, supra,18 Conn. App. 513. Rather, the court finds that the defendant did not have to initiate the action with a writ of summons attached to a complaint. See also Commissioner v. Wong, Superior Court, judicial district of Danbury at Danbury, Docket No. 337044 (August 15, 2000,Moraghan, J.) (27 Conn. L. Rptr. 669) (procedure under § 13a-76 does not require writ of summons); DOT v. Tuck-It-Away Bridgeport, Inc.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 363646 (August 9, 2000, Melville, J.) (27 Conn. L. Rptr. 674) (procedure under § 8-132 does not require writ of summons).
 C
Finally, the plaintiff argues that the court lacks subject matter jurisdiction because the service of process took place less than twelve days prior to the expiration of the return date.[9] The defendant argues that the return was not late.[10]
General Statutes § 52-46 provides in relevant part: "Civil process . . . shall be served . . . if returnable to the Superior Court, at least twelve days, inclusive, before [the return date]." "[This] statute is CT Page 12129 mandatory and failure to comply with its requirements as to the time when process shall be served renders the proceeding voidable and subject to abatement." (Internal quotation marks omitted.) Rogozinski v. AmericanFood Service Equipment Corp., 211 Conn. 431, 433, 559 A.2d 1110 (1989).
Even assuming without deciding that § 52-46 is applicable to the notice required under § 13a-76, the plaintiff's argument must fail. A review of the court file shows the return date was set for June 27, 2000. The sheriff's return of service indicates that process was served on the plaintiff on June 9, 2000. The court finds that the defendant successfully served process on the plaintiff at least twelve days before the designated return date.
For all the foregoing reasons, the court denies the plaintiff's motion to dismiss the defendant's condemnation appeal on the ground that the court lacks subject matter jurisdiction.
 III
On February 2, 2001, the plaintiff filed a second motion to dismiss the defendant's condemnation appeal for failure to prosecute with due diligence pursuant to Practice Book § 14-3 on the grounds that (1) the property owner, i.e., the defendant has failed to prosecute the condemnation appeal with due diligence; (2) the defendant filed a withdrawal of the condemnation which the plaintiff received on August 9, 2000, which was misleading; and (3) the defendant's delay of almost six months in filing his memorandum of law in opposition to the plaintiff's first motion to dismiss, filed July 31, 2000, evidenced an undue delay thereby warranting the sanction of dismissal. In his opposing memorandum, the defendant counters that (1) the withdrawal the defendant prepared and erroneously sent to the plaintiff was never filed with the court; (2) the defendant did not intend to withdraw the condemnation appeal as is evidenced by his response to the plaintiff's request for admissions which were mailed to the plaintiff after the withdrawal was erroneously sent; (3) the plaintiff was not harmed by the defendant's delay in filing the memorandum of law in opposition to the plaintiff's motion to dismiss; and (4) the sanction for dismissal for failure to prosecute with due diligence is extreme and should not be granted.
Practice Book § 14-3 provides in relevant part: "If a party shall fail to prosecute an action with reasonable diligence, the judicial authority may, after hearing, on motion by any party to the action pursuant to Section 11-1, or on its own motion, render a judgment dismissing the action with costs." "This section was intended to give the trial courts an additional tool to implement the movement of cases and to prevent cases from clogging the docket because of the lack of diligent CT Page 12130 prosecution. . . . The ultimate determination regarding a motion to dismiss for lack of diligence is within the sound discretion of the court. This discretion is properly exercised if the case has been on the docket for an unduly protracted period or the court is satisfied from the record or otherwise that there is no real intent to prosecute, particularly if the party fails to appear at the time the case was assigned for trial on a dormant list." (Citation omitted.) Nickerson v.Gachim, 183 Conn. 413, 415, 439 A.2d 379 (1981). "Under § [14-3], the trial court is confronted with endless gradations of diligence, and in its sound discretion, the court must determine whether the party's diligence falls within the `reasonable' section of the diligence spectrum." (Internal quotation marks omitted.) Lacasse v. Burns,214 Conn. 464, 474, 572 A.2d 357 (1990). "It is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." Snow v. Calise, 174 Conn. 567,574, 392 A.2d 440 (1978).
The court finds that (1) the condemnation appeal has not been on the docket for an unduly protracted period of time; (2) nothing in the record or elsewhere indicates that the defendant does not have the real intent to prosecute the condemnation appeal, i.e., the defendant did not file a withdrawal with the court and the court is satisfied that the withdrawal sent to the plaintiff was done erroneously; and (3) under all the circumstances, the sanction of dismissal is not warranted. See Nickersonv. Gachim, supra, 183 Conn. 415. Further, it is unclear how the defendant's delay in filing his memorandum of law in opposition to the plaintiff's motion to dismiss evidenced an undue delay with regard to the prosecution of his condemnation appeal. Practice Book § 10-31 requires the party objecting to the motion to dismiss to file and serve a memorandum "at least five days before the motion is to be considered on the short calendar. . . ." The motion was heard on February 20, 2001, and the plaintiff's memorandum in opposition was filed on January 22, 2001, well within the requirements of § 10-31.
For the foregoing reasons, the plaintiff's motion to dismiss the defendant's condemnation appeal for failure to prosecute with due diligence is denied.
 IV DEFENDANT'S MOTION TO DISMISS
On March 12, 2001, the defendant filed a motion to dismiss the condemnation on the ground that the court lacks subject matter jurisdiction because (1) his filing for bankruptcy prior to the commencement of the condemnation activated the automatic stay provision CT Page 12131 of 11 U.S.C. § 362, which enjoins the commencement of any judicial proceeding against the defendant or his estate; (2) the condemnation does not fall within any exception to the stay provision; (3) the plaintiff has not sought to modify the stay in the bankruptcy court; (4) this court has the jurisdiction to decide whether the taking constituted a violation of the automatic stay provision; and finally, (5) once the defendant filed for bankruptcy, this court had no jurisdiction to affect the property subject of the notice of condemnation filed by the plaintiff. The plaintiff opposes the defendant's motion on the grounds that (1) the condemnation matured upon the lapse of the bankruptcy stay; (2) the condemnation was reinstated upon the expiration of the bankruptcy stay; and (3) the defendant's current challenge is untimely. At oral argument before this court on May 7, 2001, the plaintiff argued that actions taken in violation of the automatic stay are voidable, that it would be inequitable to allow the defendant to claim any protections of the automatic stay and that the doctrine of laches prohibits the defendant from seeking to dismiss the condemnation.[11]
 A
A debtor who has filed a bankruptcy petition obtains an automatic stay of proceedings under 11 U.S.C. § 362 (a)(1) for "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case" in the bankruptcy court. This is an automatic stay that deprives a state court of jurisdiction regarding any claim against the debtor. See Kalb v. Feuerstein, 308 U.S. 433, 438-39, 60 S.Ct. 343,84 L.Ed. 370 (1940). "The States cannot, in the exercise of control over local laws and practice, vest state courts with power to violate the [automatic stay]." Id., 439. "Furthermore, recourse to bankruptcy and the concomitant right to an automatic stay of state court proceedings are fundamental debtor protections provided by the bankruptcy laws. . . ." (Internal quotation marks omitted.) Society for Savings v. Stramaglia,225 Conn. 105, 112, 621 A.2d 1317 (1993). "The scope of the automatic stay is extremely broad, and should apply to almost any type of formal or informal action against the debtor or the property of the estate." (Internal quotation marks omitted.) In re Ormond Beach Associates Ltd.Partnership, 185 B.R. 408, 412 (Bkrtcy.D.Conn. 1995).
The plaintiff argues that when a property owner is in bankruptcy, the notice of condemnation and assessment of damages acts as a lis pendens. Therefore, once the bankruptcy court has entered a judgment dismissing or discharging the bankruptcy and the bankruptcy case has come to an end, the bankruptcy stay automatically lapses and the notice of condemnation and assessment of damages matures vesting title in the State of CT Page 12132 Connecticut. (Plaintiff's Memorandum of Law in Opposition, dated March 26, 2001, p. 7.)
"A lis pendens is a notice of a claim made in respect to property which is the subject of a pending suit, but it does not of itself create an encumbrance upon the property." In re Kodo Properties, Inc., 63 B.R. 588,589 (Bkrtcy. E.D.N.Y. 1986). "A notice of lis pendens is appropriate where the pending action will in some way, either directly or indirectly, affect the title to or an interest in the real property itself." First Constitutional Bank v. Harbor Village Ltd. Partnership,37 Conn. App. 698, 703, 657 A.2d 1110 (1995). "The doctrine underlying lis pendens is that a person who deals with property while it is in litigation does so at his peril. . . . [I]f the power of the courts to determine the rights of the parties to real property could be defeated by its transfer, [during the pendency of litigation], to a purchaser without notice, additional litigation would be spawned and the public's confidence in the judicial process could be undermined." (Internal quotation marks omitted.) Id., 704.
The plaintiff has cited no authority nor could any be found for the proposition that when a property owner has filed for bankruptcy, the subsequent notice of condemnation and assessment of damages acts as a lis pendens which matures upon the lapse of the bankruptcy stay.
 B
The plaintiff next argues pursuant to In re Linton, 35 B.R. 695, 696
(Bkrtcy.D.Idaho, 1983), that this court under 11 U.S.C. § 349 (b), should reinstate the condemnation which occurred after the filing of the bankruptcy petition and in violation of the bankruptcy stay.[12]
"Subsection (b) specifies that the dismissal reinstates proceedings or custodianships that were superseded by the bankruptcy case, reinstates avoided transfers, reinstates voided liens, vacates any order, judgment, or transfer ordered as a result of the avoidance of a transfer, and revests the property of the estate in the entity in which the property was vested at the commencement of the case. The court is permitted to order a different result for cause. The basic purpose of the subsectionis to undo the bankruptcy case, as far as practicable, and to restore allproperty rights to the position in which they were found at thecommencement of the case." (Emphasis added.) H.R. Rep. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess., pp. 337-38 (1977).
In Gugliotti v. Michaud, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 127511 (April 10, 1996, Kulawiz, J.) (16 Conn. L. Rptr. 463), a receiver of rents brought a motion for contempt in a foreclosure action. The appointment of the receiver occurred after the CT Page 12133 filing of the defendant's bankruptcy petition in violation of the automatic stay. The receiver sought to avoid the consequences of the plaintiff's violation of the automatic stay by arguing that the subsequent dismissal of the defendant's bankruptcy case pursuant to Bankruptcy Code § 349 served to "reinstate" his appointment as receiver of rents. Id., 464. In support of this argument, the receiver relied exclusively upon In Re Linton, supra, 35 B.R. 695, "for the proposition that the dismissal of a bankruptcy case validates actions taken in violation of the automatic stay." Gugliotti v. Michaud, supra, 16 Conn. L. Rptr. 464.
In denying the motion for contempt, the court in Gugliotti v. Michaud,
supra, 16 Conn. L. Rptr. 465, noted the policy considerations expressed in the Third Circuit by the Bankruptcy Court for the District of New Jersey in Matter of Cappadonna, 154 B.R. 639 (Bkrtcy.D.N.J. 1993). InMatter of Cappadonna, supra 154 B.R. 642, in denying the mortgagee's petition for relief from the automatic stay in order to continue the foreclosure proceeding, the court explained that "[s]hould the court allow a creditor, who . . . obtains judgment in violation of their automatic stay, to ratify that judgment once the debtor is outside of bankruptcy protection, what will stop all creditors from proceeding to judgment in violation of the stay? This would certainly defeat the purpose of the automatic stay, which is to afford protection to debtors and enable them to focus attention on their bankruptcy proceeding."Gugliotti v. Michaud, supra, 16 Conn. L. Rptr. 465. In accordance withMatter of Cappadonna, supra 154 B.R. 642, the court in Gugliotti v.Michaud, supra, 16 Conn. L. Rptr. 465, rejected the receiver's argument holding that the "dismissal of the bankruptcy proceeding, in no way affects the status of a void order. Although a dismissal of the bankruptcy action lifts the stay as to future actions, it in no way reinstates prior actions brought in violation of the automatic stay."
Based on the foregoing, the court finds that § 349(b) did not reinstate the condemnation following the subsequent dismissal of the bankruptcy case because the adoption of this position "would make it impossible to return the rights of the parties to the position in which they were found at the commencement of the case." Gugliotti v. Michaud,
supra, 16 Conn. L. Rptr. 465; see also In re Eden Associates, 13 B.R. 578,585 (Bkrtcy.S.D.N.Y. 1981) (the court refused to reinstate a foreclosure sale, conducted after the filing of the bankruptcy petition, where the foreclosing party knew of the filing and of the debtor's claimed interest in the property).
 C
The plaintiff argues pursuant to Edwards v. Bridgeport Hydraulic Co.,152 Conn. 684, 691, 211 A.2d 679 (1965), that the defendant's challenge to CT Page 12134 the condemnation is untimely because "a party seeking relief under an inverse condemnation claim or seeking other relief under Article First Section Eleven of the Connecticut Constitution has three years to bring his action." (Plaintiff's Memorandum of Law in Opposition, dated March 26, 2001, p. 8.)
The court finds that the defendant is not seeking relief under inverse condemnation[13] or Section 11 of Article First of the Constitution of the State of Connecticut.[14] Furthermore, the three year statute of limitations in Edwards v. Bridgeport Hydraulic Co., supra, 152 Conn. 691, is General Statutes § 52-577 which provides that: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." The defendant's motion to dismiss is not an "action founded upon a tort." Rather, it is a motion to dismiss based on lack of subject matter jurisdiction which may be made at any time.Stroiney v. Crescent Lake Tax District, supra, 205 Conn. 294. Therefore, the court finds that § 52-577 is inapplicable to the defendant's motion to dismiss.
 D
The plaintiff further claims that actions taken in violation of the automatic stay are voidable and that it would be inequitable to allow the defendant to claim the protection of the automatic stay provision. "Generally, acts taken in violation of the automatic stay are void and of null effect." In re Philao Realty Co., 185 B.R. 676, 679
(Bkrtcy.E.D. N.Y. 1995); In re 48th Street Steakhouse, Inc., 835 F.2d 427,431 (2d Cir. 1987), cert. denied,Rockefeller Group, Inc. v. 48th Street Steakhouse, Inc.,485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988). "Authorities are split as to whether an action taken in violation of the automatic stay is void or voidable. . . . Although the Second Circuit has stated that such actions are void . . . bankruptcy courts within the circuit have more recently reached the opposite conclusion. . . . A number of Courts of Appeals have also determined that actions in violation of the automatic stay are voidable rather than void." (Citations omitted.) Dott v. Metz, 1997 U.S. Dist. LEXIS 15592 (E.D.N.Y. 1997).[15]
While the foregoing authorities are split, the plaintiff has cited no authority nor could any be found vesting state courts with the power to hear and determine whether actions taken in violation of the automatic stay are void or voidable. Consequently, the court finds that it may not determine whether the condemnation, which was improperly bought during the pendency of the bankruptcy stay, is voidable so as to retroactively reinstate it. CT Page 12135
 E
Finally, the plaintiff argues pursuant to Thornton v. First State Bankof Jodin, 4 F.3d 650, 653 (8th Cir. 1993),[16] that the doctrine of laches prohibits the defendant from seeking to dismiss the condemnation on the ground that the plaintiff violated the automatic stay. "Laches is defined as the neglect or delay in bringing suit to remedy an alleged wrong, which taken together with lapse of time and other circumstances, causes prejudice to the adverse party. . . ." (Internal quotation marks omitted.) Goldwasser v. Smith Corana Corp., 817 F. Sup. 263, 273
(D.Conn. 1993), aff'd, 26 F.3d 137 (Fed. Cir. 1994). Thus, "[l]aches is an equitable defense. . . ." K.P. v. Juzwic, 891 F. Sup. 703, 715
(D.Conn. 1995). The court finds that the plaintiff is attempting to use the doctrine of laches as a sword rather than a shield, i.e., the defendant has not initiated a suit against the plaintiff, but instead seeks to dismiss the condemnation brought by the plaintiff against the defendant. Laches, however, is as an equitable defense. K.P. v. Juzwic, supra,891 F. Sup. 715. The plaintiff's claim of laches is without merit and cannot be asserted under the circumstances.
Although, the court rejects the arguments raised by the plaintiff in opposition to the defendant's motion to dismiss, it finds, nonetheless, that there is no basis to dismiss the case on the grounds raised by the defendant. While the bankruptcy stay may oust the jurisdiction of the state court so as to stay its power to proceed without the consent of the bankruptcy court while the bankruptcy petition remains pending, this court fundamentally has subject matter jurisdiction over condemnation proceedings. See Kalb v. Feuerstein, supra, 308 U.S. 433, 438-39,60 S.Ct. 343, 84 L.Ed. 370 (1940); Prudential Ins. Co. v. Calabrese,
Superior Court, judicial district of Waterbury, Docket No. 127550 (March 15, 1996, Pellegrino, J.) (16 CLR 247). Counsel for the parties have indicated that the defendant has been discharged from bankruptcy so that his petition is no longer pending. However, this court has no official confirmation of that fact.[17] Accordingly, the defendant's motion to dismiss on the grounds that this court lacks subject matter jurisdiction is denied.
 CONCLUSION
For all the foregoing reasons, the plaintiff's motions to dismiss are denied. The defendant's motion to dismiss is also denied.
Peck, J.